## ECCLESTONE *v.* INDIALANTIC, INC.

1. CORPORATIONS—TRANSFER OF STOCK—VOTING RIGHTS.
   A right to the transfer of shares of corporate stock on corporate books freed from voting rights claimed by former owner is broader than the ministerial act of registering the transfer of stock on the books of the corporation.

2. SAME—VOTING RIGHTS.
   Where, in companion case, it has been determined that plaintiff did not have voting rights in stock purchased by him, equity will not intervene to prevent holder of such voting rights from exercising them.

Appeal from Wayne; Webster (Arthur), J. Submitted October 15, 1947. (Docket No. 44, Calendar No. 43,848.) Decided January 5, 1948.

Bill by Edwin L. Ecclestone against Indialantic, Inc., a Florida corporation, and others to compel registration of stock free from voting rights of defendant Emmons. Bill dismissed. Plaintiff appeals. Affirmed.

*Goddard, McClintock & Johnson,* for plaintiff.

*Thomas G. Long, A. W. Sempliner* and *Harold H. Emmons, Jr.,* for defendants.

BOYLES, J. This case is a companion to one of the same title, decided December 3, 1947, *ante,* 248. In that case the bill of complaint was filed to determine whether the plaintiff Ecclestone or the defendant Emmons had the right to vote certain 451 shares of stock of the defendant Indialantic, Inc.; and to enjoin Emmons from attempting to vote said stock. This Court there held that the voting rights belonged to Emmons and affirmed the circuit court in dismissing the bill of complaint. In the instant case the bill of complaint was filed to compel the defendant corporation Indialantic, Inc., to register on the books of the corporation the said transfer in the name of the plaintiff Ecclestone, free from the voting rights claimed by Emmons. The two cases were consolidated and heard together in the circuit court but on the appeal are submitted here on separate records and briefs.

In the instant case the bill of complaint was likewise dismissed in the circuit court upon a hearing on the merits and Ecclestone appeals.

According to Ecclestone's claim in this appeal he merely seeks to compel the defendants to register the transfer of said stock to him on the books of the corporation. However, that is not all that the plaintiff actually seeks to accomplish in this case. At the hearing in the circuit court counsel for plaintiff conceded that the real purpose of the bills of complaint was as follows:

*"The Court:* Then the purpose of these two bills is to have the transfer of the stock in the name of Ecclestone—

"*Mr. Johnson* (Attorney for plaintiff): Free—

"*The Court:* —freed from voting rights.

"*Mr. Johnson:* Of Emmons. That is right."

Consequently the real issue here is broader than merely the plaintiff's right to the ministerial act of registering the transfer of stock on the books of the corporation. The plaintiff, in tendering the certificate of stock here in question to Indialantic, Inc., for transfer on its books, expressly requested in writing "that this be transferred into my name in such manner as to give me full voting rights thereon." Indialantic, Inc., had been notified in writing by Emmons that he reserved the voting rights when he transferred the 451 shares of stock in question to the Detroit Orthopedic Clinic, from whom Ecclestone sought to acquire the stock with full voting rights. Ecclestone, at the time he purchased the stock from Detroit Orthopedic Clinic, had notice of that fact.

In the companion case hereinbefore referred to, it has been determined that Ecclestone does not have the voting rights in this stock. It follows, in the instant case, that equity will not intervene to prevent Emmons from voting the stock, or to compel the issuance of a new certificate to Ecclestone without reference to such rights.

Affirmed, with costs of both courts to appellees.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.